**LITTLER MENDELSON**
A Professional Corporation
Attorneys for Defendants
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NANCY LIMON,

              Plaintiff,

      -against-

ABM INDUSTRIES, INC., ABM ENGINEERING
SERVICES COMPANY, ABM JANITORIAL
NORTHEAST, INC., AND OMAR VASCONEZ,

              Defendants.

Civil Action No. 07 CIV 6110 (LTS)

**DEFENDANTS' ORIGINAL ANSWER
AND DEFENSES**

Defendants ABM Janitorial—Northeast, Inc. and Omar Vasconez, by and through their undersigned counsel, hereby submit their Answer and Defenses to Plaintiff's Complaint ("Complaint") in the above-captioned matter.   Answering the Complaint by correspondingly numbered paragraphs, Defendants state as follows:

### NATURE OF THE CASE

1.     Defendants admit the allegations in paragraph 1 of the Complaint that Plaintiff purports to bring claims against Defendants under Title VII of the Civil Rights Act of 1964 and under the laws of the City and State of New York, but categorically deny that they have engaged in any unlawful activity under those statutes, or any other local, state or federal statute.

2.     Defendants admit the allegations in paragraph 2 of the Complaint that Plaintiff purports to brings claims against Defendants under the laws of the State of New York and the

Administrative Code of the City of New York, but categorically deny that they have engaged in any unlawful activity under those statutes, or any other local, state or federal statute.

## JURISDICTION AND VENUE

3.      Defendants admit the allegations in paragraph 3 of the Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Complaint, except admit that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964.

5.      Defendants deny the allegations in paragraph 5 of the Complaint, except admit only that venue is proper in the Southern District of New York.

6.      Defendants deny the allegations in paragraph 6 of the Complaint, except admit that Plaintiff's discrimination charge is dated January 15, 2007.

7.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 7 of the Complaint.

8.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 8 of the Complaint.

## PARTIES

9.      Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 9 of the Complaint.

10.     The allegations in paragraph 10 of the Complaint require no response.

11.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 11 of the Complaint that ABM Industries, Inc. is a domestic corporation duly existing in the State of New York.

12.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 12 of the Complaint that ABM Industries, Inc.'s principal place of business is within the Southern District of New York.

13.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the Complaint that ABM Industries, Inc. is a foreign corporation which does business in the State of New York.

14.     Defendants deny the allegations in paragraph 14 of the Complaint.

15.     Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants admit the allegations in paragraph 16 of the Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants admit the allegations in paragraph 19 of the Complaint.

20.     Defendants admit the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegation in paragraph 21, except admit that ABM Janitorial—Northeast, Inc. has offices at 551 Fifth Avenue.

22.     Defendants lack sufficient knowledge or information to admit or deny the allegations in paragraph 23 of the Complaint that Plaintiff is of Hispanic race and origin, Defendants admit the allegation in paragraph 22 that Plaintiff is female.

23.     Defendants deny the allegations in paragraph 24 of the Complaint, except admit that Vasconez is employed by ABM Janitorial—Northeast, Inc.

24.     Defendants deny the allegations in paragraph 24 of the Complaint, except admit that Vasconez became a foreman/lead at the 55 Water Street location in May 2005.

25.    Defendants deny the allegations in paragraph 25 of the Complaint, except admit that Plaintiff was employed by ABM Janitorial—Northeast, Inc.

26.    Defendants deny the allegations in paragraph 26 of the Complaint.

27.    Defendants deny the allegations in paragraph 27 of the Complaint.

## MATERIAL FACTS

28.    Defendants deny the allegations in paragraph 28 of the Complaint, except admit that Plaintiff was hired to work as a cleaner in or about January 2000.

29.    Defendants deny the allegations in paragraph 29 of the Complaint.

30.    Defendants admit the allegations in paragraph 30 of the Complaint.

31.    Defendants deny the allegations in paragraph 31 of the Complaint.

32.    Defendants deny the allegations in paragraph 32 of the Complaint.

33.    Defendants deny the allegations in paragraph 33 of the Complaint.

34.    Defendants deny the allegations in paragraph 34 of the Complaint.

35.    Defendants deny the allegations in paragraph 35 of the Complaint.

36.    Defendants deny the allegations in paragraph 36 of the Complaint.

37.    Defendants deny the allegations in paragraph 37 of the Complaint.

38.    Defendants deny the allegations in paragraph 38 of the Complaint.

39.    Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Defendants deny the allegations in paragraph 40 of the Complaint.

41.    Defendants deny the allegations in paragraph 41 of the Complaint.

42.    Defendants deny the allegations in paragraph 42 of the Complaint.

43.    Defendants deny the allegations in paragraph 43 of the Complaint.

44.    Defendants deny the allegation in paragraph 44 of the Complaint.

45.    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Defendants deny the allegations in paragraph 46 of the Complaint.

47.    Defendants deny the allegations in paragraph 47 of the Complaint.

48.    Defendants deny the allegations in paragraph 48 of the Complaint.

49.    Defendants deny the allegations in paragraph 49 of the Complaint.

50.    Defendants deny the allegations in paragraph 50 of the Complaint.

51.    Defendants deny the allegations in paragraph 51 of the Complaint.

52.    Defendants deny the allegations in paragraph 52 of the Complaint.

53.    Defendants lack sufficient knowledge or information to admit or deny the allegation in paragraph 53 of the Complaint that Plaintiff's husband died on September 12, 2006. Defendants deny the remaining allegations in paragraph 53 of the Complaint.

54.    Defendants deny the allegations in paragraph 54 of the Complaint.

55.    Defendants deny the allegations in paragraph 55 of the Complaint.

56.    Defendants deny the allegations in paragraph 56 of the Complaint.

57.    Defendants deny the allegations in paragraph 57 of the Complaint.

58.    Defendants deny the allegations in paragraph 58 of the Complaint.

59.    Defendants deny the allegations in paragraph 59 of the Complaint.

60.    Defendants deny the allegations in paragraph 60 of the Complaint.

61.    Defendants deny the allegations in paragraph 61 of the Complaint.

62.    Defendants deny the allegations in paragraph 62 of the Complaint.

63.    Defendants deny the allegations in paragraph 63 of the Complaint.

64.    Defendants deny the allegations in paragraph 64 of the Complaint.

65.    Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint and further deny that Plaintiff is entitled to punitive damages.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

75.     With regard to paragraph 75 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–74 of the Complaint with the same force and effect as if fully set forth herein at length.

76.     The allegations set forth in paragraph 76 of the Complaint are allegations of law requiring no response.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny that Plaintiff is entitled to any relief or has a valid claim against Defendants as alleged in paragraph 78 of the Complaint.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

79.    With regard to paragraph 79 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–78 of the Complaint with the same force and effect as if fully set forth herein at length.

80.    The allegations set forth in paragraph 80 of the Complaint are allegations of law requiring no response.

81.    Defendants deny the allegations in paragraph 81 of the Complaint.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

82.    With regard to paragraph 82 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–81 of the Complaint with the same force and effect as if fully set forth herein at length.

83.    The allegations set forth in paragraph 83 of the Complaint are allegations of law requiring no response.

84.    Defendants deny the allegations in paragraph 84 of the Complaint.

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

85.    With regard to paragraph 85 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–84 of the Complaint with the same force and effect as if fully set forth herein at length.

86.    The allegations set forth in paragraph 86 of the Complaint are allegations of law requiring no response.

87.    Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny that Plaintiff is entitled to any relief or has a valid claim against Defendants as alleged in paragraph 88 of the Complaint.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

89.     With regard to paragraph 89 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–88 of the Complaint with the same force and effect as if fully set forth herein at length.

90.     The allegations set forth in paragraph 90 of the Complaint are allegations of law requiring no response.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

92.     With regard to paragraph 92 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–91 of the Complaint with the same force and effect as if fully set forth herein at length.

93.     The allegations set forth in paragraph 93 of the Complaint are allegations of law requiring no response.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

95.     With regard to paragraph 95 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–94 of the Complaint with the same force and effect as if fully set forth herein at length.

96.     The allegations set forth in paragraph 96 of the Complaint are allegations of law requiring no response.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

98.     With regard to paragraph 98 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–97 of the Complaint with the same force and effect as if fully set forth herein at length.

99.     The allegations set forth in paragraph 99 of the Complaint are allegations of law requiring no response.

100.    Defendants deny the allegations in paragraph 100 of the Complaint.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

101.    With regard to paragraph 101 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–100 of the Complaint with the same force and effect as if fully set forth herein at length.

102.    The allegations set forth in paragraph 102 of the Complaint are allegations of law requiring no response.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

104.    With regard to paragraph 104 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–104 of the Complaint with the same force and effect as if fully set forth herein at length.

105.    The allegations set forth in paragraph 105 of the Complaint are allegations of law requiring no response.

106.    Defendants deny the allegations in paragraph 106 of the Complaint.

## AS AN ELEVENTH CAUSE OF ACTION
## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

107.    With regard to paragraph 107 of the Complaint, Defendants repeat, reiterate and reallege every and every response to Paragraphs 1–107 of the Complaint with the same force and effect as if fully set forth herein at length.

108.    Defendants deny the allegations in paragraph 108 of the Complaint.

109.    Defendants deny the allegations in paragraph 109 of the Complaint.

110.    Defendants deny the allegations in paragraph 110 of the Complaint.

111.    Defendants deny the allegations in paragraph 111 of the Complaint.

## INJURY AND DAMAGES

112.    Defendants deny the allegations in paragraph 112 of the Complaint and further deny that Plaintiff is entitled to any and all damages as alleged in paragraph 112.

113.    Defendants deny the allegations in the WHEREFORE paragraph of the Complaint and further deny that Plaintiff is entitled to any and all damages, as alleged in the WHEREFORE paragraph (A) - (F) of the Complaint.

114.    Any allegations contained in Plaintiff's Complaint which have not been specifically admitted herein, are hereby denied.

## DEFENSES

## FIRST DEFENSE

115.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

116.    The Complaint, and each purported claim alleged therein, fails to allege facts sufficient to allow recovery of compensatory or punitive damages.

### THIRD DEFENSE

117.    Each and every action taken by Defendants with regard to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory business reasons.

### FOURTH DEFENSE

118.    Any actions taken in regard to Plaintiff were neither willful nor intentional, and were taken without malice.

### FIFTH DEFENSE

119.    Plaintiff's claims are barred to the extent that they were not made the subject of a timely charge of discrimination, are beyond the scope of the charge of discrimination, and/or to the extent that Plaintiff otherwise failed to exhaust her administrative remedies prior to filing this action.

### SIXTH DEFENSE

120.    Plaintiff's claims are barred to the extent that they were filed beyond the applicable statutes of limitations.

### SEVENTH DEFENSE

121.    Some or all the claims asserted in the Complaint may be barred by Plaintiff's failure to mitigate her damages, if any.

### EIGHTH DEFENSE

122.    Defendants are entitled to a set-off against Plaintiff's claims of damage in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

### NINTH DEFENSE

123.    Defendants exercised reasonable care to prevent and promptly correct any hostile and offensive treatment allegedly experienced by Plaintiff.  Further, Plaintiff unreasonably failed

to take advantage of any preventative or corrective opportunities provided by Defendants, or otherwise available to her, to avoid the harm she allegedly experienced.

### TENTH DEFENSE

124.    Plaintiff's claims fail because Defendants would have taken the same employment action(s) against Plaintiff in the absence of any alleged unlawful motive.

### ELEVENTH DEFENSE

125    Defendants, in whole or in part, are not proper defendants for some or all of Plaintiff's claims in this lawsuit.

### TWELFTH DEFENSE

126.    Defendants are entitled to their attorney's fees and costs as prevailing parties.

### THIRTEENTH DEFENSE

127.    Plaintiff's claims for compensatory and punitive damages are subject to all statutory limitations.

### FOURTEENTH DEFENSE

128.    Plaintiff's claims for punitive damages are unconstitutional. Plaintiff's claims for punitive damages are further unwarranted because Defendant ABM Janitorial—Northeast, Inc. has anti-discrimination policies in place and has educated its employees on these policies.

### FIFTEENTH DEFENSE

129.    Plaintiff's damages, if any, were not caused by Defendants; rather they were caused by Plaintiff and/or third parties.

## SIXTEENTH DEFENSE

130.   Plaintiff cannot recover punitive damages for any alleged discrimination or retaliation because any such alleged discrimination or retaliation would be contrary to Defendants' good faith efforts to comply with laws governing such conduct.

## SEVENTEENTH DEFENSE

131.   Plaintiff's claims under the New York City Administrative Code should be dismissed because, upon information and belief, Plaintiff failed to serve a copy of the Complaint upon the City Commission on Human Rights within ten (10) days after having commenced this action. N.Y.C. Admin. Code § 8-502(c).

## EIGHTEENTH DEFENSE

132.   Plaintiff's damages are barred, in whole or in part, by the after-acquired evidence doctrine.

Defendants reserve the right to assert additional affirmative and other defenses, as appropriate.

WHEREFORE, Defendants ABM Janitorial—Northeast, Inc. and Omar Vasconez respectfully request that the claims contained in Plaintiff's Complaint be dismissed with prejudice; that Plaintiff take nothing for any of her claims set forth therein; that Defendants recover their costs, disbursements, expenses, and attorneys' fees herein; and that the Court grant such other and further relief as it may deem just and proper.

Date:   September 4, 2007
        New York, New York

                                        /s/ Craig R. Benson
                                        Craig R. Benson (CB 9531)
                                        Deke W. Bond (DB 0349)
                                        LITTLER MENDELSON
                                          A Professional Corporation
                                        885 Third Avenue, 16th Floor
                                        New York, NY  10022.4834
                                        212.583.9600

                                        Attorneys for Defendants ABM Janitorial—
                                        Northeast, Inc. and Omar Vasconez


TO:    Derek T. Smith
       Akin & Smith, LLC
       Attorneys for Plaintiff
       305 Broadway
       Suite 1101
       New York, NY 10007

       (via ECF and U.S. Mail)