**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NANCY LIMON, | Case No. 07 CIV 6110 (LTS) (JCF) |
| Plaintiffs, | |
| -against- | **PRELIMINARY**<br>**PRE-TRIAL STATEMENT** |
| ABM INDUSTRIES, INC., ABM ENGINEERING SERVICES COMPANY, ABM JANITORIAL NOTHEAST, INC., AND OMAR VASCONEZ | |
| Defendants. | |

After conferring pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and in accordance with the Court's September 14, 2007 Initial Conference Order, Plaintiff Nancy Limon and Defendant ABM Industries, Inc., ABM Engineering Services Company, ABM Janitorial Northeast, Inc., ("ABM") and Omar Vasconez (collectively "Defendants") hereby submit the following Preliminary Pre-Trial Statement:

**A.   Nature of the Action**

This is an employment discrimination case. Plaintiff alleges that she was harassed, retaliated against and discriminatorily discharged from her employment at ABM Industries, Inc. based her gender, sex, race and national origin in violation of the New York State Executive Law § 296 and the New York City Administrative Code § 8-107. Plaintiffs also allege loss of consortium as a result of defendants' actions.

**B.     Court's Jurisdiction**

**1.     Plaintiffs' Basis for Jurisdiction:** The Court has jurisdiction pursuant to 42 U.S.C. § 12101 et. Seq.; 29 U.S.C.§ 2617; 28 U.S.C. § 1331, §1343 and pendent jurisdiction thereto. This action involves a question of Federal Law. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the State of New York, within the Southern District of New York. 28 U.S.C. § 1391 (b). On or about January 15, 2007, Plaintiff filed a charge with the Equal Employment Opportunities Commission. On or about June 8, 2007, plaintiff received a Notice of Right to Sue letter from the EEOC. This action is being brought within 90 days of said Notice of Right to Sue letter.

**2.     Defendants' Basis for Jurisdiction:** The Court has jurisdiction pursuant to 42 U.S.C. § 12101 et. Seq.; 29 U.S.C.§ 2617; 28 U.S.C. § 1331, §1343 and pendent jurisdiction thereto. This action involves a question of Federal Law. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the State of New York, within the Southern District of New York. 28 U.S.C. § 1391 (b). On or about January 15, 2007, Plaintiff filed a charge with the Equal Employment Opportunities Commission. On or about June 8, 2007, plaintiff received a Notice of Right to Sue letter from the EEOC. This action is being brought within 90 days of said Notice of Right to Sue letter.

**C.     Material Uncontested Facts**

The parties do not contest that Plaintiff began working for defendants around 2000.

**D.     Material Uncontested Legal Issues**

Not Applicable

**E.     Legal Issue to be Decided by the Court**

The legal issues to be decided by the Court are as follows:

1. Whether Plaintiff was unlawfully harassed during her employment with ABM in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296, or the New York City Administrative Code §8-107 or Title VII of the Civil Rights Act of 1964?

2. Whether Plaintiff was discriminatorily discharged from her employment with ABM in violation of New York State Human Rights Law, N.Y. Exec. Law § 296, or the New York City Administrative Code §8-107 or Title VII of the Civil Rights Act of 1964?

3. Whether any or all of the defendants can be held liable for any discrimination, harassment or retaliation that allegedly occurred under the New York State Human Rights Law, or the New York City Administrative Code or Title VII of the Civil Rights Act of 1964?

4. Whether defendants unlawfully created a hostile work environment for Plaintiff in violation of New York State Human Rights Law, N.Y. Exec. Law § 296, or the New York City Administrative Code §8-107 or Title VII of the Civil Rights Act of 1964?

5. Whether the Farrager/Ellerth Affirmative Defense is available to the Defendants?

6. Whether the Plaintiff was constructively discharged?

**F.    Material Disputed Facts**

1. **Plaintiffs' Disputed Facts:** All facts alleged in the Complaint are disputed except those admitted by Defendants.

2. **Defendants' Disputed Facts:** All facts alleged in the Complaint are disputed except those admitted by Defendants.

FIRMWIDE:83016134.1 046687.1056

**G.     Legal Basis of Each Cause of Action Asserted by Plaintiffs**

- Executive Law § 296 provides that   "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

- New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

- New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

- The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

- The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

- The New York City Administrative Code Title 8, §8-107(6) provides that it shall be

unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

- New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

- New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    (1) the employee or agent exercised managerial or supervisory responsibility; or

    (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

    (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

**H.    Legal Basis of Each Defense**

Defendants do not believe that the Plaintiff was subjected to unwelcome conduct that would satisfy her burden of establishing a hostile work environment or any other unlawful conduct.

Defendants deny that the plaintiff was retaliated against or that she was constructively discharged.

The plaintiff did not avail herself of the Defendants complaint procedures in a timely manner. When she did bring certain conduct to the company's attention, it acted in a swift and appropriate manner.

**I.    Measure and Burden of Proof** Plaintiffs must prove a prima facie case of harassment, discrimination or retaliation by a preponderance of the evidence. See St. Mary's Honor v. Hicks, 509 U.S. 502, 506 (1993); Evans v. The City of New York, No. 00 Civ. 4197 (BSJ), 2003 WL 22339468, *7 (S.D.N.Y. Oct. 14, 2003). See also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-803 (1973). Under the New York City law, liability should be determined by the existence of unequal treatment and questions of severity and frequency reserved for consideration of damages. *Return to Eyes on the Prize* at 297-303., *Farrugia v. North Shore Hospital*, 820 N.Y.S.2d 718, 2006

With respect to the discrimination and retaliation claims, if Plaintiffs make a prima facie showing, Defendants must then produce evidence of a legitimate, non-discriminatory, or non-retaliatory reason for the alleged adverse employment action that if believed by the trier of fact, would support a finding that unlawful discrimination or retaliation not the cause of the alleged action. See St. Mary's Honor, 509 U.S. at 506-507. Plaintiff must then rebut the legitimate reason offered by the Defendants by demonstrating that Defendants' proffered reason for the alleged adverse action is false and that discrimination was the real reason for the decision. See id. at 508.

With respect to harassment claims, if Plaintiff establishes a prima facie case of harassment, Defendants bear the burden of establishing the affirmative defense set forth in <u>Burlington Ind., Inc.</u>, 524 U.S. 742 and <u>Faragher</u>, 524 U.S. 775. With respect to Plaintiff's retaliation claim, the law has recently been changed. Plaintiff's claims must be analyzed under the Supreme Court's ruling in *Burlington Northern & Santa Fe Railway Co. v. White,* 126 S.Ct. 2405 (2006). "Prior to this case, the Second Circuit generally looked to "whether the plaintiff has suffered 'a materially adverse change in her employment status' or in the terms and conditions of his employment." *Kessler v. Westchester County Dep't of Social Servs.,* 2006 U.S.App. LEXIS 21530, at *20 (2d Cir.2006) (quoting *Williams v. R.H. Donnelley, Corp.,* 368 F.3d 123, 128 (2d Cir.2004)). **The focus now must be on whether an employment action could be considered materially adverse to a reasonable employee, such that it could dissuade that employee " 'from making or supporting a charge of discrimination.' "***Burlington Northern & Sante Fe Railway Co. v. White,* ---U.S. ----, 126 S.Ct. 2405, 2415 (2006);  (see Billue v. Praxair, Inc.  2007 WL 1231841 (D.Conn.,2007).

### J.     Amendments to Pleadings

The pleadings may be Amended no later than March 30, 2008

### K.     Trial by Magistrate Judge

The parties do not consent to trial by a Magistrate Judge.

### L.     Changes to Fed. R. Civ. P. 26(a) Disclosures

The parties do not propose any changes to the disclosures required by Fed. R. Civ. P. 26(a).

### M.     Subjects of Discovery and Proposed Discovery Cut-off Date

Discovery is needed on the work environment Plaintiff was exposed to while employed by ABM, the reasons for the termination of her employment with ABM, and damages allegedly

FIRMWIDE:83016134.1 046687.1056

- 7 -

suffered as a result of the conduct alleged in the Complaint. The proposed discovery cut-off date is May 30, 2008.

### N. Expert Evidence and Deadlines

To the extent Plaintiff provides evidence of physical, psychological or emotional damage which she claims resulted from Defendants' conduct, Defendants anticipate employing the use of an expert to rebut any such allegations. Plaintiff will designate any expert witnesses within twenty-one (21) days of the discovery cut-off date. Defendants will designate their expert witnesses within twenty-one (21) days of Plaintiff's deadline to designate her expert witnesses. All expert witness discovery shall be completed within ninety (90) days of the close of fact discovery.

### O. Changes to Discovery Limitations

Defendants responses to Plaintiffs' document requests shall not be served until a protective order has been entered. Providing that a protective order has been entered, Defendants' responses will be due as set forth in Fed. R. Civ. P. 34(b) or as agreed to by the parties. No other changes to discovery limitations are anticipated at this time.

### P. Settlement

No settlement offers or demands have been made.

### Q. Jury

Plaintiff included a jury demand in the Complaint.

### R. Other Orders under Fed. R. Civ. P. 16(b), 16(c) or 26(c)

The parties propose that any dispositive motions be made within sixty (60) days of the close of expert discovery. They do not anticipate extensive electronic discovery. The parties have further agreed, with the approval of this court, to enter into a protective order and to seal certain portions of the depositions in this matter, to be opened only by order of this Court.

FIRMWIDE:83016134.1 046687.1056

- 9 -

__/s/_____    __/s/_____
Derek T. Smith (DTS 1747)                  Craig R. Benson (CB 9531)
**AKIN & SMITH, LLC**                      **LITTLER MENDELSON, P.C.**
305 Broadway, Suite 1101                   885 Third Avenue, 16th Floor
New York, New York 10007                   New York, NY  10022.4834
212.587.0760                               212.583.9600
Attorneys for Plaintiff                    Attorneys for Defendants
Nancy Limon                                ABM Industries, Inc., et al.

FIRMWIDE:83016134.1 046687.1056