```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/08
```

*Swain, J.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY LIMON,

          Plaintiff,

-against-

ABM INDUSTRIES, INC., ABM ENGINEERING
SERVICES COMPANY, ABM JANITORIAL
NORTHEAST, INC., AND OMAR VASCONEZ,

          Defendants.

Civil Action No. 07 CIV 6110 (LTS)

**CONFIDENTIALITY STIPULATION** + ORDER

---

WHEREAS, Plaintiff Nancy Limon and Defendants ABM Janitorial Northeast, Inc. and Omar Vasconez are presently engaged in discovery; and

WHEREAS, some information sought by the parties or contained in documents sought by the parties is of a confidential and/or proprietary nature; and

WHEREAS, the purpose of this Stipulation is to permit the parties to discover such information and documents pursuant to procedures designed to protect and preserve the confidentiality of that material;

IT IS HEREBY STIPULATED, as follows:

1. "Confidential Information" as used herein means any type or classification of information which is designated as "Confidential" by counsel for the parties, whether it be a document, information contained in a document, electronically memorialized information, information revealed during a deposition, information contained in an interrogatory answer, or any other form of information. The parties and their counsel shall designate as "Confidential" only information that either party produces in discovery or introduces into evidence in this action and that the parties reasonably believe in good faith to be either (i) private information about an

individual; or (ii) business, financial, and/or employment records and/or communications that are generally not available to the public.

2. Information designated as "Confidential" shall (a) be used by the parties only for the purpose of this litigation and not for any other purposes whatsoever, and (b) not be disclosed, given, shown, discussed, or otherwise communicated or made available to anyone except as provided herein.

3. In accordance with the provisions of paragraph 4 below, Confidential Information may be disclosed only to "Qualified Persons," who shall read this Stipulation and who shall agree to maintain said information in confidence and not disclose, discuss, or reveal such information to anyone else. The term, "Qualified Persons," means (a) any attorney, legal assistant, secretary or clerk employed by, or a member of, Plaintiff's counsel assigned to this action; (b) any attorney, legal assistant, secretary, or clerk employed by, or a member of, Defendants' counsel assigned to this action; (c) any expert employed or retained by the parties or their attorneys solely for the purpose of assisting such attorneys in the preparation of this action for arbitration; (d) the parties (and any corporate successor or affiliate) to this action; (e) any Judge presiding over this action and any employee of said Judge or of any Court assigned to this matter; (f) any court reporter; and (g) any witness in preparation for being called in good faith to testify at trial or deposition in this action. The foregoing definition of "Qualified Persons" is without prejudice to a redefinition by the parties of such term at an appropriate future time so as to include additional categories of persons.

4. Any information, whether oral or written, designated "Confidential" may be disclosed only to Qualified Persons who, prior to such disclosure, have read this Stipulation and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel

for the parties may sign this Stipulation on behalf of the parties they represent and those Qualified Persons who are members of or employed by their respective firms, and (ii) Confidential Information may be disclosed to those Qualified Persons described in paragraph 3(e) immediately upon the Court's formal endorsement of this Stipulation without further action on their part. By signing this Agreement or Exhibit A, each Qualified Person agrees that he or she, along with those on whose behalf he or she is acting, shall be bound by the terms of this Stipulation. All endorsed copies of Exhibit A shall be retained by the party's counsel that requested each Qualified Person's endorsement. Each endorsed copy of Exhibit A shall be made available for inspection if any good faith dispute or controversy arises with respect to the respective person's obligations under this Stipulation.

      5.    Each Qualified Person shall maintain all Confidential Information disclosed to him or her in confidence, shall not reveal the same to anyone other than another Qualified Person, and shall not use the Confidential Information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or trial of this action; except that nothing shall prevent disclosure beyond the terms of this Stipulation prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

      6.    If the party receiving information that has been marked "Confidential" wishes to file any Confidential Information with the Court, the receiving party shall give at least two weeks' notice to the producing party, who shall seek to obtain the Court's permission to have the Confidential Information filed under seal; provided, however, that in no event shall the receiving party file any Confidential Information such that it becomes public record, unless and

…
…

…

…

…

until either (a) the producing party has not requested the Court's permission to file under seal after two weeks' notice, or (b) the Court has rejected the producing party's request to allow the filing under seal. If the Court has not ruled on the producing party's request to have the Confidential Information filed under seal prior to the time the receiving party intends to file the Confidential Information, the receiving party will temporarily file the Confidential Information under seal, pursuant to the Court's rules, procedures, or directions pending the Court's ruling. Where possible, only the portions of filings containing the Confidential Information shall be filed under seal. Nothing in this paragraph shall limit the ability of the parties to subsequently request that Confidential Information, filed under seal in the first instance, should be unsealed.

7. In the event that a party objects to the designation of certain information as "Confidential," counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, the producing party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as Confidential under the terms of this Stipulation.

8. The disclosure by one of the parties of a document or information to a Qualified Person without designating it as Confidential Information shall not constitute a waiver of that party's right to designate such document or information as "Confidential" and, if so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation.

9. Nothing in this Stipulation shall preclude any party from seeking to modify this Stipulation.

10. At the conclusion of this action, each party shall return to the other all documentary material embodying information designated by the other as "Confidential,"

4

including all copies of or excerpts from or summaries of such documentary material that may have been made. Receipt of such documentary material shall be acknowledged by the recipient in writing. In the alternative, the party may destroy all such confidential records, provided he/she/it does so promptly at the conclusion of this action and certifies to opposing counsel in writing the date of destruction accompanied by reasonable description of the documents destroyed. This paragraph shall not require counsel to destroy or return any of his or her own work product.

11. This Stipulation shall be binding on all of the Qualified Persons listed in Paragraph 3(a), (b), and (d) immediately upon its execution by the parties' counsel, and on those listed in Paragraph 3(c) and (g) immediately upon their execution of Exhibit A, whether or not it is later endorsed by the Court. Following the Court's endorsement, it shall be binding on all other Qualified Persons and be enforceable as to all Qualified Persons through any sanction(s) deemed appropriate by the Court.

12. This Stipulation may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

13. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this proceeding.

Dated: January 8, 2008
New York, New York

_____
Derek T. Smith, Esq.
Akin & Smith, LLC
305 Broadway, Suite 1101
New York, NY 10007
Attorneys for Plaintiff

5

Dated: January 9, 2008
      New York, New York

*[signature]*
Craig R. Benson
Deke W. Bond
LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, New York 10022
Telephone: 212.583.9600
Attorneys for Defendants

**SO ORDERED.**

Dated: January 11, 2008
      New York, New York

*[signature]* James C. Francis IV
DISTRICT COURT JUDGE
USMJ

6

<u>EXHIBIT "A"</u>

<u>AGREEMENT CONCERNING CONFIDENTIAL INFORMATION</u>

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation in the action entitled, *Nancy Limon v. ABM Industries, Inc., ABM Engineering Services Company, ABM Janitorial Northeast, Inc., and Omar Vasconez,*, understands the terms thereof, and agrees to be bound by those terms as if a signatory thereto.

_____          _____
Date                                                                  Signature

                                                                          _____
                                                                          Name Printed

                                                                          _____
                                                                          _____
                                                                          Business Address
                                                                          (including Name of Employer, if any)

                                                                          _____
                                                                          _____
                                                                          Home Address

Firmwide:83979947.1 052796.1015